THE STATE OF MISSOURI, Respondent, *v.* THADDEUS COOPER, Appellant.

1. *Practice, criminal — Oral instructions, parties can not consent to.* — The statute (Gen. Stat. 1865, ch. 213, § 30), does not authorize the judge of a Criminal Court, even at the request or by consent of parties, to give oral instructions as to matters of law. It would be incompetent for the prisoner himself to consent to such waiver of the statutory requirement, and, *a fortiori*, his counsel can have no such right.

*Appeal from St. Louis Criminal Court.*

*Patrick & Drummond*, and *Cline, Jamison & Day*, for appellant.

*C. P. Johnson*, circuit attorney, for respondent.

WAGNER, Judge, delivered the opinion of the court.

Defendant was indicted and convicted in the Criminal Court for robbery. The bill of exceptions states that after the close of the evidence "the court, at the request of the defendant's coun-

sel, and in his presence and the circuit attorney, gave oral instructions to the jury upon the law of the case."

This is assigned for error, and is the only question worthy of attention in this court. What the instructions were is not inserted, and the probabilities are that it would be impossible to arrive at anything like accuracy were the attempt made.

The statutory provision in regard to criminal trials is that " the court shall not, on the trial of the issue on any indictment, sum up or comment upon the evidence, or charge the jury as to matter of fact, unless requested so to do by the prosecuting attorney and the defendant or his counsel; but the court may instruct the jury on any point of law arising in the cause, which instructions shall be in writing." (Gen. Stat. 1865, ch. 213, § 30.)

This section was obviously intended to change the common-law practice in regard to summing up and commenting on evidence, and prohibit the court from doing so except at the request of the parties. But when it comes to giving instructions upon any point of law arising in the case, the instructions are expressly required to be in writing. Every person knows how difficult it is to obtain an exact account of words, in writing, spoken in the midst of a trial. The whole case may turn upon the jury misunderstanding a single word used by the judge. When it is necessary to make out a bill of exceptions, it will often be found difficult — indeed, quite impossible — for the judge himself to remember, with anything like precision, the language used in declaring the law. The accused may thus be prejudiced with the jury, and be denied the right of rectifying the mistake in the appellate court. The law was enacted to guard, as far as possible, against misapprehension by the jury of the law of the case, as promulgated and laid down by the court, and, if error was committed, to secure a full and fair bill of exceptions.

There is no authorization, at the request or by the consent of the parties, to give oral instructions as to matters of law, but the language is, they shall be in writing. In other States, similar statutory provisions are to be found, and, in all instances the

courts, in giving them a practical construction, have held that giving written instructions is mandatory and imperative.

In this case there was no consent in a matter which the statute allows. It was not a consent to the summing up or commenting upon the evidence, which is permissible, but a consent to giving oral instructions, which is prohibited. The prisoner did not consent, but his counsel did. I deny that the counsel has any authority to consent to an infringement on the rights and privileges of his client in such a case. I hold that it would not have been competent for the prisoner himself to have done so. The provisions of the law are express and positive. They were enacted for wise and beneficial purposes, and neither courts nor parties are to be allowed to treat the law as naught, and construe it into a dead letter, and substitute a different arrangement in its stead. Establish the practice pursued in the court below, and it will happen that at the end of a wearisome trial, when the court and bar are anxious to terminate their labors, propositions will be made by the respective counsel to forego the work of drafting written instructions, and let the court deliver an oral charge. If the proposition comes from the prosecuting officer, the defendant dare not withhold his consent without creating prejudice before an impatient and exhausted jury—the very thing which, of all others, he is most anxious to avoid. The jury are liable to misapprehend the language of the court, a full, perfect, and satisfactory bill of exceptions is unattainable; and thus a man's rights are invaded and frittered away, through a violation of law which was made for his protection. Public policy and the uniform and explicit standard which should always prevail in the administration of criminal justice, demand that the statute should be literally construed and rigidly adhered to and enforced.

The judgment will be reversed and the cause remanded. The other judges concur.