# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1879.

---

## TERRITORY OF NEW MEXICO *v.* BASILIO PEREA.

ERRORS NOT PRESENTED BY BILL OF EXCEPTIONS.—Manifest errors in the charge of the court below to the jury can not be considered in the supreme court on appeal, unless properly presented by a bill of exceptions.

CHARGE TO JURY MUST BE IN WRITING.—The provision of our statutes requiring the.charge of the court to the trial jury to be in writing is mandatory and not directory, and if any part of the charge is given orally, it is error which will reverse the judgment; as where the court added to its written instructions, in a case in which the defendant was convicted of murder in the first degree, an oral illustration of what would constitute murder in the second degree, which was erroneous in not being properly qualified.

INSTRUCTION PRESUMED PERTINENT.—An instruction given in a case, but not presented in the record on appeal, will be presumed to have related to matters pertinent to the case, and if given orally it will be error; denying *Leonardo* v. *Territory, ante,* 291.

APPEAL from the district court for Santa Fe county. The case is stated in the opinion.

*Catron and Thornton, with M. A. Breeden and T. F. Conway,* for the defendant and appellant. The appellant, defendant below, was tried upon an indictment for murder, charging him with killing Francisco Provencea, in the county of Santa Fe, on the seventeenth day of Novem-

ber, A. D. 1877, by shooting him with a pistol. Upon the trial he was found guilty of murder in the first degree. Upon the trial appellant offered evidence to show that the killing was done in self-defense, a portion of which evidence was by the court refused, to which the appellant excepted. He excepted also to the written charge, and to that portion not in writing. Appellant filed a motion for new trial, which was, by the court, overruled, and the appellant sentenced to be hanged, when he brought his case here by appeal. The appellant insists that the court erred in its written instructions to the jury in this, that such instructions are argumentative. Judges are not permitted to take out isolated parts of the testimony and argue them to the jury. The court in this case not only did this, but has gone even further, and has told the jury, that if they found certain facts to exist they would find the appellant guilty, thereby taking from their consideration all other evidence in the case. The judge, in closing his charge, uses this language: "If you are satisfied that the defendant deliberately shot the deceased while he was walking with his back to defendant, and killed him, it would be murder in the first degree." We submit that this is not law. 1. To constitute murder in the first degree requires malice aforethought; here the court takes from the jury all question of malice. 2. Because the shooting must have been done with the intent to kill, and here the court makes it murder regardless of the intent. 3. Because it takes from the consideration of the jury other vital and important facts testified to in the trial of the case. The defendant in this case did not deny that he shot the deceased, but admitted it, and justified the killing under the plea of self-defense, and to sustain this plea, evidence was introduced, as will appear by the charge, that the deceased had only a few days prior thereto threatened to kill him (appellant); that he had come to his home in the dead hour of night and attempted to break into the same, and that he (defendant) had left home and gone to get the assistance of neighbors to take him away; that the deceased had been seen peeping through the window of appellant's house; that on the evening when he was killed, he came into

a dark room of appellant's house, when appellant was alone,
carrying a bundle under his arm, and that he made a motion
as if to draw a weapon; that appellant knew the deceased
carried a knife and feared him (deceased).

Now, this may have been true; it was sworn by a compe-
tent witness, and it was for the jury to have said whether
or not it was true. Yet here the judge takes from them by
this instruction all consideration of these facts. He tells
them plainly and explicitly that if the accused deliberately
shot the deceased while he (deceased) was walking from
him and killed him, it was murder in the first degree. It
may have been that the appellant did deliberately shoot and
kill the deceased while walking from him, and yet not be
murder in the first degree. If he was afraid of deceased,
and thought that he had come to his house to kill him, we
submit that this would have lessened the grade of the offense.
That this charge was wrong, see 38 Mo. 213; 44 Id. 20, 91;
45 Id. 137; 16 Id. 394.

We insist that the court erred in giving oral instructions.
It is expressly provided by statute that, in this territory
(see Compiled Laws, 200), in any suit in the district courts,
the judges shall give their instructions to the jury in writ-
ing only. This law was passed in January, 1853, and ap-
plies to all suits. But the compiler of the statutes has seen
fit to place it under the head of civil procedure only. This
can not change the law or limit its application. The com-
piler was not authorized to make new, but only to compile
existing laws. The word suit applies to both civil and crim-
inal procedure. See Bouv. Law Dict. 558, Hammond N.
P. 270, where it says that in its most extended use, the word
suit includes not only a civil action, but also a criminal
prosecution. The courts of this territory have so con-
sidered it, and have uniformly given their instructions in
writing. That it is error to give any portion of the instruc-
tions orally, see 45 Mo. 64; 6 Mo. 399; *Ray* v. *Wooters,* 19
Ill. 82; *Gile* v. *People,* 1 Col. 60; 43 Cal. 29; 37 Id. 274;
45 Id. 650.

The most important part of every charge in a murder
trial is that portion which defines the different grades of

murder, all of which in this case were given orally. It may be objected that these oral instructions do not appear in the bill of exceptions, but the very reason why the instructions should always be in writing is because of the impossibility of preserving and bring up oral instructions. Neither the court nor the attorneys can remember all that is said in a lengthy oral charge.

The bill of exceptions shows the entire written charge, and an examination of this charge shows that the different grades of murder are not therein charged, and then the exceptions show that the judge instructed the jury as to the fourth, third, second, and first degrees. Now, if he instructed the jury in these different degrees, and did not do it in writing, he must have done it orally. The judge informed the jury that he would instruct them in the different grades of murder in their inverse order, and instructed as to murder in the fourth, third, second, and first degrees only, leaving the jury entirely ignorant of the existence of another grade of murder. This was calculated to deceive them by inducing them to believe there was no other grade of murder.

*Henry L. Waldo, attorney-general, for the territory.* The supreme court can not consider the instructions sent up, because they are not a part of the record. The supreme court can not consider the propriety or impropriety of admission of evidence, when the evidence in the case has not been preserved. The instructions are presumed to be in writing when the contrary does not appear by the record: *People* v. *Garcia,* 25 Cal. 531; *People* v. *Shuler,* 28 Id. 490. Instructions must be considered as a whole, the several parts with reference to the whole and to each other: *People* v. *Bagnell,* 31 Id. 409. There must exist an actual present imminence of danger, or circumstances of act or word calculated to produce a belief of imminent present danger in the mind of a reasonable man: *Williams' case,* Cases on Self-defense, 349; *People* v. *Lombard,* 17 Cal. 316.

By Court, BRISTOL, J.:

This cause is here by appeal from the district court of the

first judicial district in and for the county of Santa Fe.  It appears in the record that the defendant was tried and convicted in the court below for the crime of murder in the first degree, and duly sentenced to be executed.  From this sentence and judgment the defendant appealed to this court, and assigns several grounds of error, among others that a part of the charge of the court below to the trial jury was given orally instead of in writing; this part of the charge appears in the record by a bill of exceptions as follows:

"The court, in instructing the jury as to murder in the second degree, illustrated murder in the second degree; which said illustration was not given in writing.  Illustrated by saying 'if a man,' pointing at the counsel in the courtroom, 'should fire a pistol into that crowd indiscriminately, without firing at any particular person, and should kill some one, that would be murder in the second degree, and not murder in the first degree.'  To which instruction or illustration, not being given in writing, the said defendant excepted, and now prays that this, his bill of exceptions, may be signed, sealed, and made a part of the record in this cause, which is accordingly done.

"July 15, 1878.

"CHARLES McCANDLESS,       [SEAL]<br>
"Chief Justice, Judge, etc."

There is manifest error in more instances than one in other portions of the charge to the jury, as the same is set forth in the transcript of the proceedings of the court below, but as they are not properly presented by a bill of exceptions, they can not be considered a part of the record for the purpose of review by this court.  The only question, therefore, which we consider is, whether such error was committed by giving the part of the charge above cited, in regard to murder in the second degree, verbally instead of in writing, as will justify this court in setting aside the judgment and granting a new trial.

The statute requiring instructions to a trial jury to be in writing is not directory only, but mandatory in its terms.  In states where similar statutes have been enacted, their

respective superior courts have uniformly held that oral instructions, in whole or in part, are error, and sufficient cause for setting aside the judgment and ordering a new trial. The adjudications on this subject present an array of precedents and authority that can not well be ignored: *Vide* 45 Mo. 64; 6 Id. 399; 19 Ill. 82; 1 Col. 611; 43 Cal. 29; 37 Id. 294; 45 Id. 650.

The only decision of an appellate court to which we have been referred, that in any respect conflicts with this view, is one rendered by the supreme court of this territory, in the year 1859, in the case of *Leonardo* v. *The Territory*, *ante*, 291, that decision being to the effect, that it is wrong and in violation of the statute, to give oral instructions to the jury; but that as the fact only of giving the charge orally appeared, without incorporating the charge itself in the record, to show its materiality, no error appeared. We feel obliged to dissent in part from the opinion given by the court in that case, and to establish a different ruling. If the court gave any charge to the trial jury upon the conclusion of the evidence, the presumption, in the absence of the charge, is that it related to matters pertinent to the case, so that if it appear by the record that a charge was given orally, though the charge itself does not appear of record, it is error.

In the case now before us, it is urged, on the part of the territory, by the attorney-general, that the oral instruction in regard to murder in the second degree is not error, because it was wholly immaterial, and could not have influenced the jury, but on what ground can this be assumed? As this instruction was given, the presumption, in the absence here of the testimony, is, that the case, as presented by the evidence, warranted an instruction in regard to murder in the second degree. There was error in the substance of this oral instruction, in that it illustrated what would be murder in the second degree, which was not necessarily murder in that degree. It omitted important and necessary elements constituting the crime, such as that the killing must have been perpetrated by an act imminently dangerous to others, and in a manner evincing a depraved

mind, regardless of human life, but without any premeditated design to effect death.   It may be true that the various elements constituting the crime could have been proven only by the act and circumstances of the killing; but that was a matter of evidence to be passed upon by the jury in determining the question whether all these elements had been established.   It is not for us to conclude that this defective instruction, with these material omissions, could not, or did not, influence or mislead the jury, nor that if the proper instruction had been given, with the punishment the jury might assess, they would not have rendered a verdict of murder in the second degree.

We are of the opinion that the only proper mode in giving instructions as a charge to a trial jury, and particularly in regard to the higher grades of crime, denominated felonies, is for the district court to give in writing all that it deems necessary or even proper to say to the jury in its charge.

We are of the opinion, for the reasons herein given, that the judgment in the court below ought to be set aside, and a new trial granted, and it is so ordered.