## THE STATE v. SHIPLEY, Appellant.

### Division Two, May 19, 1903.

1. **Argument: ATTACKING DEFENDANT'S CHARACTER.** It is a cardinal rule of criminal procedure that until defendant puts his character in evidence, the State is not permitted to attack it. Nor can the prosecuting attorney under the guise of argument state that the reason defendant did not bring in witnesses to show his good character was because he knew they would not so testify, for that is stating facts which are not in evidence, and being stated by him in his official capacity is error.

2. ———: ———: *INVITED BY DEFENDANT'S COUNSEL: CURED BY COURT.* No evidence as to defendant's character was offered by either side, but his counsel in addressing the jury said, "Defendant is a man of good character; *no witness has been produced to show his character was not good.*" In his closing remarks the prosecuting attorney said: "The defendant had a right to bring in his neighbors to prove his good character, and *the reason he did not bring them in to so testify was because he knew they would not so testify.*" To these remarks defendant's counsel excepted, and thereupon the court stated: "Mr. Skinker, this is not a fair line of argument. You might explain to the jury why you did not produce witnesses as to defendant's character, but you have no right to comment on the fact that the defendant did not offer evidence as to his good character, and the jury will disregard that part of Mr. Skinker's argument. Now, gentlemen of the jury, I will explain to you the law on this question. Under the law, the defendant had the right to offer evidence as to his good character, but if he does not do so, the State can not offer evidence as to his bad character." *Held,* that the prosecuting attorney's statement was tantamount to saying the defendant's character was bad, and was error. *Held,* also, that the statement of defendant's counsel was no excuse for the prosecuting attorney's remarks, but his course

was to have objected to that statement when made, and to have requested that defendant's counsel be compelled to keep within the record. *Held*, also, that the mistake was not cured by the remarks of the court, which fell far short of the protection it should have. afforded the defendant from such a damaging statement. *Held*, also, that the court's oral instruction was itself error, as being in violation of the statute which requires instructions to be in writing. Nor was there any room in the case for a written instruction on the subject of good character.

3. Error: PRESUMPTIVELY PREJUDICIAL. Error is presumptively harmful and it devolves on the party who commits it to show that it could not possibly have resulted in injury. Especially is this true when the liberty of a human being is at stake.

4. Oral Instructions. All instructions on questions of law are by statute required to be in writing, and oral explanations of the law on any subject are error.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,*
Judge.

REVERSED AND REMANDED.

*Johnson & Sea* for appellant.

The remarks of the prosecuting attorney in attacking defendant's character when it had not been put in issue by him, coupled with the oral statement of the judge to the jury, was erroneous, and prejudicial to defendant and warrants a reversal of the judgment. State v. Hudspeth, 159 Mo. 207; State v. Young, 99 Mo. 683; State v. Jackson, 95 Mo. 653. The law is mandatory that instructions as to the law in criminal cases must be in writing. State v. Cooper, 45 Mo. 64; R. S. 1899, sec. 2639.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

If any error was committed by the prosecuting attorney, the injury was certainly repaired by the re-

buke of the court. The rebuke was sufficiently severe and if it lacked in severity, an exception should have been taken on that ground. State v. Gartrell, 171 Mo. 489. But we do not concede that the prosecuting attorney went beyond the bounds of legitimate argument. He correctly advised the jury of the right of the defendant to prove his good character. This was the legitimate and logical reply to the remarks of counsel for defendant, when he stated that the defendant was a man of good character and that no witness had been produced by the State to show his character was not good. The record shows that no evidence as to the character of the defendant was introduced. If the defendant desired his character to be considered as a part of his defense, he ought to have produced some testimony as to its goodness, and he ought not to complain because he neglected to avail himself of this opportunity and sought to inject that issue by argument not founded on evidence. The prosecutor had the right, when the issue was thus injected, to meet and refute it. This feature of the case is on all fours with State v. Hyland, 144 Mo. 313.

GANTT, P. J.—This is a prosecution by information for a felonious assault in Polk county. The information is in approved form, and we discover no error in the record proper, though it is inartistically made up.

The assault seems to have been one of the usual concomitants of a street fight at a saloon. The defendant and Ritter, the person assaulted, had been in the saloon drinking more or less. There is no evidence of any previous ill will or bad feeling between them. As they came out of the saloon that night, two boys or young men were engaged in a fight and had fallen or were on the ground and Ritter parted them. Why defendant should have regarded this as an affront the evidence does not clearly indicate, but it seems some

words passed between them, and defendant picked up a rock and threw it and hit Ritter over the eye.

Defendant was convicted and sentenced to the penitentiary for two years. Two grounds are assigned for a reversal of the judgment, and we will examine them in the order of their assignment.

I.   During the argument the counsel for defendant said, ''The defendant is a man of good character. Not a witness has been produced to show his character was not good.''   When the prosecuting attorney came to make his closing argument he said: ''Fred Shipley, the defendant, had a right to bring in his neighbors to prove his good character, and gentlemen of the jury, the reason he did not bring them in to so testify, was because he knew they would not so testify.''   Here defendant objected and excepted to these remarks. The court thereupon stated:   ''Mr. Skinker, this is not a fair line of argument. You might explain to the jury why you did not produce witnesses as to defendant's character, but you have no right to comment on the fact that the defendant did not offer evidence as to his good character, and the jury will disregard that part of Mr. Skinker's argument. Now, gentlemen of the jury, I will explain to you the law on this question. Under the law the defendant had the right to offer evidence as to his good character, but if he does not do so, the State can not offer evidence as to his bad character.''   The defendant at the time objected and excepted to the oral instructions of the court to the jury.

No evidence had been offered on the character of the defendant. The prosecuting attorney told the jury in effect that the defendant had not brought his neighbors in to testify as to his good character because he knew they would not do so, and it was tantamount to asserting that defendant was a man of *bad* character. The apology made in the record is that defendant said he was of good character, and no witness

had testified against his character. We do not think this palliates the breach of the prosecuting attorney. If there was no evidence on character (and there was none) he should have objected to the statement, and requested that the defendant's counsel be required to keep within the evidence. But instead of so doing, he made no objection at the time, and then sought in the closing argument to offset it by the unsupported statement that defendant was a man of bad character and knew it, and did not dare to produce his neighbors. It is a cardinal rule of criminal procedure that until a defendant has put his character in evidence the State is not permitted to attack it.

What the prosecuting attorney was not allowed to do by testimony he did more effectually by asserting as a fact in his official character. It is, however, said that the court rebuked this statement, but while the court stated that the argument was unfair, this fell far short of the protection it should have afforded the defendant from so damaging a statement. It should instantly have checked the prosecuting attorney when he entered upon this character of argument. If this had been a mere reply by argument to defendant's counsel we should not deem it reversible error, but in our opinion it was a statement of *a most hurtful fact,* by the prosecuting officer of the county in his closing speech. Had he offered evidence to prove defendant's bad character before defendant had put his character in issue, the court would have excluded it. Of what avail is it then for courts to exclude incompetent evidence if counsel may, under the guise of argument, state facts which are not in evidence and clearly inadmissible?

Error is presumptively harmful and it devolves upon the party who commits it to show that it could not possibly have resulted in injury. Especially is this true where the life or liberty of the citizen is at stake. We do not think the oral charge of the judge

had the effect of extracting the poisonous virus which had been injected by this statement into the minds of the jury. This action of the prosecuting attorney, taken in connection with the *oral instruction* of the court on the question of defendant's character, we think, constitutes reversible error. There was no evidence on the question of character. A written instruction would have been entirely out of place and could only have directed to the jury's attention and accentuated the defendant's failure to prove he had a good character, but the action of the court was a plain and palpable disregard of the statutory mandate that the courts "may instruct the jury *in writing* on any point of law arising in the case," thus negativing their right to charge *orally* on the law of the case.

That the court intended to instruct on the law is established by his own words, "I will explain *the law* to you on this question." If any instruction was necessary he was required to give it *in writing*, not verbally.

As said by Judge WAGNER in State v. Cooper, 45 Mo. 64, "But when it comes to giving instructions upon any point of law arising in the case, the instructions are *expressly required to be in writing*. The whole case may turn upon the jury misunderstanding a single word used by the judge." No more pronounced infraction of this statute has come under our observation than is disclosed by this record.

As the cause must be reversed for the foregoing reasons, it remains to be added, that the court also erred in not instructing on a simple assault. It was for the jury alone to find whether the rock which defendant was charged to have thrown at Ritter was a deadly or dangerous weapon. If it was not, the offense may have well been found to have been a common assault only.

The judgment is reversed, and the cause remanded for a new trial. All concur.