WALTER E. WILLIAMS, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, June 17, 1912.

NEGLIGENCE: Personal Injuries: Ordinances. Plaintiff, a boy over twelve years of age, sued for damages for injuries sustained as the result of falling in an excavation. He was riding a bicycle along a path used by pedestrians on a street without paving or sidewalk and his wheel was deflected and he fell into an excavation that extended about ten feet into the street. There was an ordinance in force at the time making it unlawful for any person over the age of twelve years to ride a bicycle

on any walk, by-way or path used as a public way for pedestrians. *Held,* that plaintiff was a trespasser and not entitled to recover.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick,* Judge.

· REVERSED.

*W. B. Norris, O. E. Shultz* and *Phil A. Slattery* for appellant.

*K. B. Randolph* for respondent.

BROADDUS, P. J.—The object of this action is to recover damages against the defendant city for injuries plaintiff, a boy over twelve years of age, received as the result of having fallen into an excavation on Twenty-second street. The evidence showed that that part of the street where plaintiff fell into the excavation is mostly unimproved, there being no sidewalks, and no paving. The excavation in question extends into the street about ten feet. Persons passing along the street used any part of the same that was convenient, but at the point in question there was a path used on the west side by pedestrians for a short distance. Plaintiff's bicycle, while he was riding along this path, was, for some cause not stated, deflected from its course and he was thrown into the excavation and injured. It was shown that the excavation had been made by a man by the name of Roth some four or five years previously, who, it is assumed, was one of the city's contractors. The petition alleges that plaintiff was riding on his bicycle "in a path usually used by pedestrians."

The city set up, among others, the defense of one of its ordinances making it unlawful for any person over the age of twelve years to ride a bicycle or similar vehicle "upon or over any sidewalk, by-way, or path

used as a public way for pedestrians in the city of St. Joseph.''

Plaintiff gave the required notice to the city of his injury and other particulars required in such cases, but failed to state that such injury was suffered in Buchanan county, Missouri, but, as the case will be disposed of on another point, the omission is not deemed material. The said ordinance of the city was offered and received in evidence, but not read to the jury. Various instructions were offered and given for each side of the controversy, but, as the result rests upon the one offered by defendant as a demurrer to plaintiff's case, it is not necessary to mention them. The finding and judgment were for plaintiff from which defendant appealed.

The plaintiff upon his own showing was not entitled to recover and defendant's demurrer should have been given. It is asserted by plaintiff and admitted by defendant that plaintiff was riding his bicycle in a pathway used as such by the public. The ordinance in question prohibits its use as such and provides a penalty for its violation. The plaintiff was a trespasser and not entitled to recover. [Barney v. Ry. Co., 126 Mo. 372.] There the plaintiff, a small boy, was injured by jumping on and off a train within the city limits. It was held that he was a trespasser, in that, his act was prohibited by both the statutes of the state and the ordinances of the city. But respondent says that point cannot be raised on appeal as the ordinance was not read to the jury. It was not necessary that it should be. Its effect was a matter of law for the court.

The plaintiff makes an effort to show that the path was not a way in the sense used in the ordinance. He is concluded by the allegation of his petition that is was such. The cause is reversed. All concur.