### Patrick v. Commonwealth.

(Decided October 10, 1922.)

### Appeal from Boyd Circuit Court.

1. Criminal Law—Limitations.—The arrest and binding over of the accused by an examining court do not suspend the running of the statute of limitations, unless such court has jurisdiction to try and punish the accused for the offense charged.

2. Criminal Law—Appeal and Error—Intoxicating Liquors—Limitations—Instruction.—On the trial of a prosecution by indictment in the circuit court for the offense of selling intoxicating liquor, an instruction authorizing the conviction of the accused, if the jury believed from the evidence that the offense was committed within twelve months before the warrant was issued and his examining trial had in the police court, was erroneous.

R. S. DINKLE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant, Art Patrick, who was convicted of selling intoxicating liquors, asks a reversal on the ground that the Commonwealth failed to show that the alleged sale took place within one year from the finding of the indictment, or within one year from the service of the warrant in the police court, and on the further ground that the instruction was erroneous in that it authorized a conviction if the jury believed from the evidence, beyond a reasonable doubt, that appellant, "within twelve months before the 9th day of February, 1922, when the warrant was issued and examining trial had, did sell a half pint of whiskey to C. M. Holbrook."

The prosecuting witness, C. M. Holbrook, testified that he knew appellant; that he purchased a half pint of moonshine from him at his place of business on Greenup avenue between 19th and 20th streets in Ashland, and paid therefor $1.50; that to the best of his knowledge the sale took place within one year before appellant was arrested and tried in police court, but he was unable to say that it took place within one year before the finding of the indictment.

We shall only determine whether the instruction was correct. At the outset it is proper to say that the offense with which appellant is charged was committed before the enactment of chapter 33, Acts 1922, conferring on quarterly courts, police courts and justices of the peace concurrent jurisdiction with the circuit court in the trial of all offenses under that act where the punishment does not exceed a fine of $300.00 and imprisonment in the county jail not exceeding sixty days, and it is unnecessary to decide whether the question of limitation for violations of the prohibition law is affected by the provisions

of that act. Prosecutions for misdemeanors may be begun by indictment, information or warrant, and in every case the prosecution must be instituted within twelve months for the commission of the offense. Section 1138, Kentucky Statutes. If the prosecution be by indictment, the indictment must allege that the offense was committed within one year next before the finding of the indictment, or the date of the offense must be stated within that time. Williams v. Com., 18 Ky. L. R. 667, 37 S. W. 839; Com. v. Megibben, 101 Ky. 195, 40 S. W. 694. On the other hand, if the prosecution is one which may be begun by information or warrant, the information must be filed, or the warrant placed in the hands of the officers for service, within twelve months from the commission of the offense. Section 1141, Kentucky Statutes, is as follows:

"In misdemeanor cases, where the highest penalty that may be imposed is a fine of one hundred dollars and imprisonment for fifty days, the offender may be prosecuted by warrant, as provided in the criminal code, or by information filed by the Commonwealth's attorney or county attorney in the circuit court, or before the county judge, or a justice of the peace, or police or city judge. The information shall be signed by the officer filing it, and shall state the nature of the offense charged; and when filed, the court, or judge, or justice, shall at once issue a summons or warrant against the offender, commanding him to appear, within three days, at the time and before the court or justice or judge mentioned therein; and the amount of bail that he may give for his appearance shall be specified in the warrant. The warrant or summons may be directed to any peace officer, and shall be returned by him before the court, or judge, or justice mentioned in the warrant or summons. The proceedings upon the warrant or summons shall be the same as in other like cases prosecuted by warrant or summons." This section authorizes the commencement of prosecutions by warrant only in cases where the highest penalty is a fine of one hundred dollars and imprisonment for fifty days. Even for a first conviction the punishment for selling intoxicating liquors may be a fine of three hundred dollars and imprisonment for sixty days. That being true, the prosecution was not such as could be begun by warrant in the police court. But it may be

contended that the police court, though without authority to try appellant, had jurisdiction to sit as an examining court, and that the prosecution was begun when appellant was arrested, examined and bound over to the circiut court. Because of the peculiar statutes there in force, this rule prevails in some jurisdictions, Ross v. State, 55 Ala. 177; Hickey v. State, 131 Tenn. 112, 174 S. W. 269, but in view of our repeated decisions that the indictment in misdemeanor cases must allege, and the Commonwealth must prove, that the offense was committed within twelve months before the indictment was returned, and the peculiar language of section 1141, *supra*, specifying the cases in which prosecutions may be begun by warrant, we conclude that the arrest and binding over of the accused by an examining court do not suspend the running of the statute of limitations, unless such court has jurisdiction to try and punish the accused for the offense charged. State v. Robertson, 55 Neb. 41. It follows that the instruction complained of was erroneous.

Judgment reversed and cause remanded for new trial consistent with this opinion.