## Maddox v. Commonwealth.

(Decided October 7, 1927.)

## Appeal from Boyd Circuit Court.

1. Criminal Law.—Instruction, in prosecution for the offense of keeping a disorderly house, authorizing jury to convict defendant for what she had done after the finding of the indictment as well as what she did before, and, if before, for what she did at any time previous thereto, whether within 12 months or not, held erroneous.
2. Criminal Law.—In prosecution for the offense of keeping a disorderly house, evidence failing to fix the time held insufficient to sustain conviction.

CHAS. PRATER and J. F. STEWART for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was convicted of the offense of keeping a disorderly house, and has appealed. She was indicted in September, 1925, and was tried on February 4, 1926. The bill of evidence is made up in the narrative form, and the only reference we have been able to find therein as to the time when the appellant is claimed to have maintained a disorderly house appears in the testimony of James Allen. We quote from the bill of exceptions:

> "He (Allen) knew and had known the defendant for some time; that she lived between Twenty-Ninth

and Thirtieth streets on Carter avenue in the city of Ashland, Boyd county, Ky., and that he lived 1½ blocks from her on the same avenue in said city; that the defendant had lived in the premises described in the indictment for several months."

This statement is quite as consistent with the fact that the appellant had lived in the house which she is accused of maintaining as disorderly only since the finding of the indictment which occurred five months previous to the date of the trial as it is with the fact that she had lived there prior to the finding of that indictment. In submitting this case to the jury, the court by its instructions omitted all reference as to the time within which the jury must find the offense to have been committed in order to convict the appellant. Under the instructions, the jury was at liberty to convict her for what she did after the finding of the indictment as well as what she did at any time before, whether within 12 months or not. It is obvious that in this state of the record the instruction was fatally defective, and the evidence, because of its not fixing the time, insufficient to sustain the verdict. Patrick v. Commonwealth, 196 Ky. 18, 244 S. W. 72; Bostick v. Commonwealth, 206 Ky. 633, 268 S. W. 289; Turner and Standafer v. Commonwealth, 211 Ky. 553, 277 S. W. 842.

Judgment reversed, with instructions to grant the appellant a new trial herein.