**KANSAS CITY, Missouri, Respondent,**

v.

**Mabel MARTIN, Appellant.**

No. 23784.

Kansas City Court of Appeals.

Missouri.

June 3, 1963.

**604**

Blackford, Imes, Compton & Brown, Kansas City, for appellant.

Keith Wilson, Jr., City Counselor, James F. Karl, Asst. City Counselor, for respondent.

CROSS, Judge.

Defendant was convicted in the municipal court of Kansas City, Missouri, on the charge of violating Section No. 47.070 of the city's ordinances, entitled "Soliciting for Immoral Purposes". Upon appeal by defendant to the circuit court, trial was to a jury which found her guilty of the alleged offense and assessed a punishment of "three months and $100.00 fine". Defendant appeals from the judgment.

Defendant was tried upon an information filed April 4, 1962, which charges "that on or about the 30th day of March, A.D., 1962, one Mabel Martin did unlawfully solicit another person, in a hotel, for the purpose of prostitution, or for the purpose of an act of sexual perversion", in violation of Section 47.070 of the Revised Ordinances of Kansas City, Missouri.

Section 47.070 of the city's ordinances above referred to provides as follows:

"Soliciting for immoral purposes.— No person shall solicit any other person upon the streets, sidewalks or other public places of the city, or in or about any tavern, saloon, tap room, bar, rooming house or hotel, for the purpose of prostitution or sexual perversion. Any person violating the provisions of this section shall be deemed guilty of a misdemeanor".

The only witness who testified on the issues was one James D. Irwin, a "semi-retired", unemployed salesman, who identified himself additionally as a volunteer member of the reserve unit of the Kansas City police force, attached to the vice squad, working without pay. He testified, on behalf of the city, that on the night of March 29, 1962, at 11 o'clock P.M., he "made an

investigation of prostitution activities at the Tanner Hotel"; that in so doing he entered the hotel, engaged a bellboy in conversation and told him "I would like to have a good time." Irwin registered at the direction of the bellboy and was assigned a room. The bellhop took Irwin on the elevator to the assigned room and told him that "shortly there would be a young lady step up". A few minutes later, there was a knock on the door, and at Irwin's invitation, a woman identified by him as defendant, entered the room. Irwin testified without objection that defendant told him she had been sent up to entertain him, "for him to have a good time", that she had whatever time he would care to have, and that "she gave me a price of $20.00 for an act of prostitution". When asked what defendant said "in that connection", Irwin stated that she used certain words which appear to be in the vernacular and of an indelicate nature. For that reason we do not see fit to set them out in this opinion—nor do we deem it necessary to do so. It is sufficient to say that the jury could reasonably find or infer that the words attributed to defendant by the witness constituted a specific solicitation of an act of prostitution or sexual perversion.

After defendant made the statements above noted, Irwin identified himself as a police officer and placed her under arrest. Thereafter (so Irwin testified) defendant made the statement that "she had been in the business quite a long time". There is no evidence before us that any sexual act was committed.

At the conclusion of plaintiff's case, defendant filed a motion for a directed verdict of acquittal, which the trial court denied. Defendant offered no evidence. The case was submitted to the jury under plaintiff's verdict-directing Instruction No. 3, which reads in part as follows:

"If you find and believe from the evidence beyond a reasonable doubt that within the corporate limits of the City of Kansas City, County of Jackson, State of Missouri, or on or about the 29th day of May the defendant herein, Mabel Martin, did then and there unlawfully solicit a person, in or about the Tanner Hotel, 917 Locust, Kansas City, Missouri, for the purpose of sexual intercourse for hire with her then you will find the defendant guilty of soliciting for the purpose of sexual intercourse for hire and so find in your verdict.

"Unless you find the facts as above stated, you are instructed to acquit the defendant. * * *"

In defendant's first point she submits that the city failed to prove (1) the allegations of the information, (2) the corpus delicti, and (3) intent on her part to solicit for an act of prostitution. We find no merit in these contentions. It is our opinion that the city made a case and that the jury's verdict is supported by the evidence of defendant's acts and statements viewed as a whole and in the light of all the circumstances surrounding the incident in question. The jury could reasonably find that defendant made the unlawful solicitation charged against her from the undisputed testimony that she entered the hotel room of a strange man at a midnight hour, informed him she was there for his entertainment and that her time was at his disposal, and that she quoted a "price" of $20.00 for her proposed favors—even without a consideration of the additional language allegedly spoken by defendant which we have chosen not to incorporate in this opinion. "A solicitation (for the purpose of an unlawful sexual act) * * * need not be in any particular form of words, and it may well be that solicitation, within the meaning of the statute, can be accomplished by gesture and other indication quite as effectively as by the use of any set or particular formula of language." State v. Render, 203 Iowa 329, 210 N.W. 911. Also see Curran v. United States, Mun.App., D.C., 52 A.2d 121. The case of City of St. Louis v. Wyatt, Mo.App., 189 S.W.2d 129, cited by defendant, is not authoritative on the issues

raised by this appeal. In order to convict the defendant in the Wyatt case, it was necessary for the city to show an *act* of prostitution. In the instant case, the proof of *solicitation* of the unlawful sexual act is sufficient.

■ Since the evidence is sufficient to prove the alleged unlawful solicitation by defendant, it necessarily follows that the corpus delicti has also been established—that the specific offense charged has been committed by some person. Likewise, we rule that the necessary intent on the part of defendant to violate the ordinance may be inferred from the evidence which we have found sufficient to prove its violation. "An intention to commit an act forbidden by law is to be inferred, except under a statute which makes the intent an essential part of the statutory charge * * *". State v. Granger, Mo.App., 199 S.W.2d 896.

■ In her second point defendant urges that "the information was incomplete and misleading and duplicitous". Her only specific complaint of the information is that it did not reveal the identity of the person allegedly solicited by her. For that reason, defendant argues, she could not prepare her defense. We do not find the pleading defective as charged. It consists of "a plain, concise and definite written statement of the essential facts constituting the offense charged." Rule 37.18, Missouri Rules of Practice and Procedure in Municipal and Traffic Courts, V.A.M.S. It contains allegations advising defendant of the time, place and particulars of the offense charged against her with sufficient definiteness to be pleaded in bar of a subsequent prosecution. Furthermore, the information is phrased in and follows the language of the ordinance. As we said in Kansas City v. Bondon, Mo. App., 328 S.W.2d 168, "The information describes the act complained of in the language of the ordinance and is, therefore, sufficient to sustain a conviction. City of Springfield v. Stevens, 358 Mo. 699, 216 S. W.2d 450, 453; City of St. Louis v. Weitzel, 130 Mo. 600 (Syl. 2), 31 S.W. 1045".

In her next point, defendant undertakes to invoke the doctrine of entrapment as a defense. Unfortunately, from her standpoint, these efforts are untimely and misdirected.

■■ The rules applying to entrapment as a defense are stated by the Supreme Court in State v. Decker, 321 Mo. 1163, 14 S.W.2d 617, as follows: "Where the criminal intent originates in the mind of the defendant on trial, and the offense is accomplished, it constitutes no defense that an opportunity is furnished, or that an officer aids the accused in the commission of the crime, in order to obtain evidence upon which to prosecute him. But where the criminal intent originates in the mind of the entrapper, and the accused is lured into the commission of the offense charged, in order to prosecute him therefor, it is the general rule that no conviction may be had, though the criminality of the act is not affected by any question of consent. Butts v. United States (C.C.A. [8]) 273 F. 35, 18 A.L.R. [143] 146".[1]

■ The determination of whether there has been an entrapment of a defendant into the commission of an offense is a question of fact in each particular case. The general rule governing such determination is stated in 23A C.J.S. Criminal Law § 1128, p. 279, as follows: "Ordinarily, where the evidence is sufficient to justify submission to the jury or where the evidence is conflicting, it is for the jury,[2] and not, except where the case is tried without a jury, the trial court, to determine whether there was an entrapment; or, as it is sometimes stated, the issue of whether accused was entrapped is

1. Also see Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; cases in Annots., 18 A.L.R. 146; 66 A.L.R. 478; 86 A.L.R. 263; 52 A.L.R.2d 1194; 22 C.J.S. Criminal Law § 45(2), p. 138.

2. Citing, State v. Decker, 321 Mo. 1163, 14 S.W.2d 617.

a question for the jury, unless the evidence is so clear and convincing that it can be passed on by the trial court as a matter of law".

We believe that the evidence in this case justifies and requires the submission to the jury of the entrapment question, inasmuch as we are also of the opinion the jury could reasonably find that the "criminal intent" originated in the mind of the officer who suggested and instigated the alleged offense.

The fact that defendant did not request an instruction submitting entrapment as a defense did not relieve the trial court of its duty in that regard. Since that issue arose upon substantial evidence, it became one of the essential elements included in the law of the case and should have been included in the court's instructions defining that law. The Supreme Court of Missouri so held in State v. Decker, supra. We quote from that opinion: "Defendant did not offer an instruction involving entrapment, but he complains of the action of the trial court in that regard in his motion for a new trial. If an instruction of that nature involves merely a collateral issue, then defendant may not complain, for he did not attempt to offer such an instruction. State v. Conrad, No. 29,093 (Mo.Sup.) [322 Mo. 246] 14 S.W.(2d) 608, lately decided, not yet (officially) reported. If, however, it involves what is the law of the case, defendant may predicate error on it, even if he failed to offer it, provided the motion for a new trial complains of it. State v. Burrell, 298 Mo. 672, 252 S.W. 709. The law of the case comprehends the elements of the offense charged, as shown by the evidence. Entrapment was one of the elements of the offense, for, if defendant was entrapped, he was not guilty, as we have shown. The court erred in this regard".

Notwithstanding the trial court's error in failing to instruct the jury on entrapment as a defense in the case, complaint thereof is not available to defendant in this appeal. No allegation of the error is contained in defendant's motion for a new trial. Consequently she has waived it.

Defendant further contends that the ordinance under which she was convicted is (1) unconstitutional, and (2) invalid, because it is broader than the state statute on the subject and is an attempted exercise of authority in excess of the lawful powers granted to the city by the state. The first time defendant assailed the constitutionality of the ordinance was in her motion for a new trial. It is fundamental that a constitutional question is not available to a litigant as an issue on appeal unless it is raised at the first opportunity afforded in the case. We decline to consider the assignment as it relates to the constitutional question. Likewise, we do not undertake or deem it necessary to decide the remaining aspect of the instant point. Defendant has made no effort to point out therein any action of the trial court she claims was erroneous or to cite any supporting authority for the very general statement which constitutes the assignment.

Defendant complains that Instruction No. 3 is erroneous to her prejudice because (1) it gave the jury a roving commission to find her guilty of an offense on a date other than as charged and shown in the evidence, and (2) because there was no evidence to support the instruction "as to the date of May 29". The city contends that the insertion of the language "the 29th day of May" in the instruction was caused by a typographical error and resulted in no prejudice to defendant.

Our determination will be governed by rules and legal principles applicable in criminal cases. Section 98.020 V.A. M.S. provides that "[a]ppeals from police courts and for violation of an ordinance of a city, town or village shall be in the nature of a criminal appeal from a magistrate". In City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935, the court interpreted Section 98.020 to signify that on appeal

from a judgment of a police court in a proceeding for violating an ordinance, the subsequent circuit court procedure must be in accordance with the criminal, and not the civil code. To like effect are the provisions of Rule No. 37.83 of the Missouri Rules of Practice and Procedure in Municipal and Traffic Courts. In our opinion the foregoing provisions are not inconsistent with the established view that a prosecution for violation of a municipal ordinance is a civil proceeding with quasi-criminal aspects, and the recognized rule that the sufficiency of a complaint initiating such a prosecution is to be determined by the same rules as are applicable in other civil actions.

Criminal Procedure Rule No. 26.02 requires the trial court, in all criminal cases, to instruct the jury in writing upon all questions of law necessary for their guidance in returning their verdict. This duty to instruct implies a corresponding duty to instruct *properly and without error on all material matters*. The trial court has not observed these requirements in the giving of Instruction No. 3. That instruction is obviously erroneous on its face, because it is not supported by the evidence. The information charged defendant · with committing an offense "on or about the 30th day of March A.D. 1962". All of the evidence tending to support the charge relates to events occurring on *March 29, 1962*. Thus, the trial issue presented by the city was that the ordinance violation occurred on March 29, 1962, and that issue was accepted by the defendant. Therefore, as the Supreme Court stated in State v. Chittim, Mo.Sup., 261 S.W.2d 79, there was no foundation upon which to place an instruction as to any other time. Notwithstanding, the instruction, verdict-directing in nature, required the jury to find defendant guilty if they found she solicited a person "on or about the 29th day of May". There is no evidence whatsoever that defendant violated the ordinance on or about May 29 of 1962 or of any other year. Hence, there is no basis of fact to support the verdict under the instruction.

Furthermore, it is fundamental that an instruction which permits a conviction for an act committed *after* the filing of the information is erroneous. See 23A C.J.S. Criminal Law § 1196 p. 503. In Maddox v. Commonwealth, 221 Ky. 257, 298 S.W. 688, the jury convicted defendant of the offense of keeping a disorderly house. The instruction under which she was convicted contained no reference to the time of the offense. The court stated that under the instruction the jury was at liberty to convict the defendant for what she did *after the finding of the indictment*. For that reason the instruction was held fatally defective. We find similar error in Instruction No. 3 wherein the only reference to time is as to "the 29th day of May". If the quoted language be considered to mean "the 29th day of May, *1962*", it designates a day *subsequent* to April 4, 1962—the date of the filing of the information. If it be considered that "the 29th day of May" does not signify any day certain because no particular year is named, then the instruction states no limitation of time relative to the date of the offense. In either case, the instruction is erroneous.

In deciding whether the error is prejudicial or harmless, we take notice of certain fundamental rules uniformly observed by Missouri courts. It has long been recognized that error in the trial of a criminal case is presumed to have been prejudicial; State v. Shipley, 174 Mo. 512, 74 S.W. 612; and, that error should not be declared harmless unless it is so without question. State v. Richards, 334 Mo. 485, 67 S.W.2d 58; State v. Banton, 342 Mo. 45, 111 S.W.2d 516. In State v. Shipley, supra, the Supreme Court, speaking through Judge Gantt, said "Error is presumptively harmful, and it devolves upon the party who commits it to show that it could not possibly have resulted in injury. Especially is this true where the life or liberty of the citizen is at stake".

In State v. Byrnes, 238 Mo.App. 220, 177 S.W.2d 909, this court stated its concept of

"[t]he true rule in regard to erroneous instructions" in the following language: "The error is presumed to be prejudicial and reversal must follow as a matter of course unless that presumption is positively overcome in the mind of the court after a thorough consideration of the entire record; and if, after consideration of the entire record, there remains a substantial doubt as to whether or not the error was injurious then that doubt should be resolved in favor of the party against whom the error was committed. Such a rule is but a summation of the various pronouncements of the courts on the subject. It is a rule of logic that inevitably flows from the American concept of the administration of law and justice".

■ A thorough consideration of the entire record in the present case does not, in the mind of this court, positively overcome the presumption that the error in the instruction is prejudicial. We cannot say, with complete conviction, that the jury was not misled or that defendant was not prejudiced by the so-called typographical error. In Thomas v. State, 207 Ala. 244, 92 So. 244, it was stated by the reviewing court that although an error in the trial court's instruction may have been the result of mere inadvertence, where the appellate court cannot say how the jury were affected, reversible error must be held to have resulted.

Nor can we say, with unequivocal certainty, that the jury's verdict of conviction was based on the occurrences of March 29, 1962, as shown in evidence, and that it was, therefore, in conformity with the evidence. There was other testimony in the case from which the jury could have believed that defendant habitually and regularly solicited acts of unlawful sexual intercourse *other* than the one covered by the information. We refer to the testimony of Irwin wherein he stated that defendant told him that "she had been in the business quite a long time". If the jury understood the instruction as referring to an act of solicitation committed by defendant on May 29, 1962 there was no evidence to support their verdict of guilty since all the evidence of the *specific* offense charged referred to March 29, 1962. Hence, under that assumption, the jury could not have based their verdict on the hypothesis contained in the court's instruction, but upon some other premise, conceivably their belief that defendant *might* have solicited *some person* other than Irwin on May 29, 1962, in view of her purported admission that she was a "regular" in the business. In this connection, it will be remembered that Instruction No. 3 did not require the jury to find that defendant solicited Irwin in order to convict, but only required a finding that she solicited "a person".

On the other hand, if it be the case that the jury did not accept Instruction No. 3 in its literal sense, but instead made their own rationalization that the trial court *meant* otherwise (March 29, 1962) than it actually *wrote* (May 29th) in the instruction, it may be said that the verdict of guilty is in conformity with the evidence, but not in conformity with the instruction. In order to arrive at such a result the jury necessarily disregarded the directions of the court as set out in the instruction.

■ Such procedure is contrary to the generally accepted concept of due process since it is an invasion, by the jury, of the court's peculiar province. The jury has no more license to disregard or re-write the verdict-directing instruction than it has to ignore any other instruction in the case. We are led to observe that since the jury has failed to follow *one* of the court's instructions, it may have disregarded *others*—including those relating to the presumption of defendant's innocence and plaintiff's burden to prove her guilt beyond a reasonable doubt.

■ We are of the opinion that substantial doubt remains as to whether defendant was injured by the error in the instruction. Therefore, we resolve that doubt in defendant's favor and rule that plaintiff has not sustained its burden to show that the error

was harmless. We feel that the purposes of justice will best be served by requiring a new trial of the case.

Defendant's brief contains six additional assignments of·error which are directed at the trial court's actions and rulings during the course of the trial. We do not consider it necessary to rule upon these remaining appeal issues since they may not again arise upon a retrial.

For the error above noted, we reverse the judgment and remand the cause for a new trial.

All concur.