**CITY OF ST. LOUIS, Plaintiff-Respondent,**

v.

**Joanne V. LONG, Defendant-Appellant.**

**No. 31826.**

St. Louis Court of Appeals.

Missouri.

Oct. 19, 1965.

Murry L. Randall, Morris A. Shenker, John L. Boeger, St. Louis, for defendant-appellant.

Thomas J. Neenan, City Counselor, Gary M. Gaertner, Asst. City Counselor, St. Louis, John J. Fitzgibbon, Associate City Counselor, for plaintiff-respondent.

ANDERSON, Judge.

This appeal involves the alleged violation of certain ordinances of the City of St. Louis. In an information filed by the City Counselor it was charged that on or about March 2, 1963, at or near 3965a Olive Street, within said City, defendant did unlawfully receive money for her promise or agreement to engage in illicit sexual intercourse, in violation of Ordinance 50549, Sections 773.010 and 1.100 of the Revised Ordinances of 1960 of the City. The transcript filed here does not show the result reached in the Municipal Court, but in the Court of Criminal Correction, to which one of the parties obviously appealed, defendant was found guilty by the jury and her punishment assessed at 90 days. Following an unavailing motion for a new trial, and sentencing, defendant appealed.

Emanuel Stuckey, a detective assigned to the Vice Division, Bureau of Investigation, of the St. Louis Metropolitan Police Department, was the only witness in the case. Stuckey testified that on March 2, 1963, at approximately 11:00 P.M., he went to the Hollywood Hotel, located at 3965a Olive Street, within the City, to investigate a complaint of prostitution. He had in his billfold a ten dollar bill, the serial number of which had previously been recorded at the Police Station. Stuckey related that he went to the desk, at the head of the stairs, and inquired of the clerk, Mrs. Velma Lee, if there were any girls in the hotel, if he could get a girl. After some discussion as to identification, Mrs. Lee told him to register but not to use his right name, which he did. Stuckey said he paid something more than $2.00 for the room, and was taken by Mrs. Lee to Room No. 2 and told to wait. After about five minutes Mrs. Lee returned, and told him she couldn't get a girl and that she thought he was a detective. Following further discussion she decided he was probably all right, said she would get him a girl, and took him to Room No. 15 in a different part of the hotel. Immediately after he entered that room the defendant, whom he identified at the trial, appeared in the corridor and walked into the room. Regarding what was said and done the transcript (copied verbatim) shows that Stuckey testified:

"A   Thats the lady here, and then after that, I don't recall the exact words, 'hello', and 'nice' night', she said when we first met, so then she inquired, what kind of party, did I want to have, and I asked her, what would it cost me, and she said, what do you want, and I said, well, what would a 'lay' cost me, and this is the term used for intercourse, and she said, well, how much, did you want to spend, at this point, I told her, I didn't want to spend more than $10.00, she said, well, $10.00, will be all right, I got my billfold out, and I removed the $10.00 bill, from the billfold, at that time, I had in my right hand; the billfold was in my left hand, I said, should I pay you now, or something like that, she said, no, I want to inspect you, she pointed to the fly of my trousers, and I said, what, do you mean, you want to inspect me first, and so then I started to reach for my fly, with the hand with the bill in it, and then I

started to put the bill back in my wallet, and as I was, I finally held the bill out, to Miss Long, at this time, she took the bill, took and held it in both hands, after she accepted the bill, I then reached into my pocket, removed my badge, informed her, I was a police officer, she was under arrest, then took the bill back, out of her hand, at this time."

Immediately before the case was submitted to the jury, in response to the Court's inquiry whether he had anything further, Mr. Gaertner, the Assistant City Counselor, stated that he would like to read into the record the Ordinance and the charge. To this defendant's counsel objected on the grounds that there was "* * * no reason for reading the Ordinance." The Court remarked that it did not take judicial notice of the Ordinance, and defendant's counsel replied, "Very well." Mr. Gaertner then said that the City introduced Ordinance 50549, Section 773.010 and Section 1.100, and read to the jury that part of Section 773.010 providing:

> "No person shall engage in illicit sexual intercourse or sodomy for money or other thing of value, or receive money or other thing of value, for a promise, agreement, or contract to engage in illicit sexual intercourse, or sodomy."

However, Section 1.100, which fixes the penalty for a violation at a fine of not less than $1 nor more than $500, or by imprisonment for not more than 90 days, or both, was not read to the jury.

At the conclusion of the City's case defendant orally moved for a directed verdict of acquittal, and when that was overruled, offered no evidence.

■ Defendant has raised but two points in her brief. She does not attempt to invoke the doctrine of entrapment in either of them. See Kansas City v. Martin, Mo.App., 369 S.W.2d 602. The first of defendant's points to be considered is that the court erred in overruling her motion for judgment of acquittal because the evidence was insufficient to show a violation of Section 773.010. In that connection defendant states that the Ordinance defines the offense to be the "* * * 'promise * * to engage in sexual intercourse * * *' * * *" and argues that the evidence does not reveal that defendant "promised" to do anything. What the Ordinance actually proscribes, however, is the receipt of money for a "promise, agreement, or contract" to engage in illicit sexual intercourse, not merely a promise. Taking into account the circumstances under which the conversation between Stuckey and defendant occurred, and what was said, we are of the opinion that the jury could reasonably find both a promise and an agreement on the part of defendant to engage in illicit sexual intercourse. Like a "solicitation" neither a promise or agreement to do so need be in any particular form of words. Kansas City v. Martin, supra. We hold that the court did not err in overruling defendant's motion for judgment of acquittal.

■ Defendant's remaining assignment is that the court erred in instructing the jury as to the extent of the punishment which could be assessed if it found the defendant guilty, for the reason that there was no evidence of any ordinance providing for such punishment. It is true, as defendant contends, that courts do not take judicial notice of municipal ordinances and that they must be introduced into evidence. Cox v. City of St. Louis, 11 Mo. 431; City of St. Louis v. Ameln, 235 Mo. 669, 139 S.W. 429; City of St. Louis v. Young, 248 Mo. 346, 154 S.W. 87. The transcript shows that the City introduced into evidence both Section 773.010, which defined the offense, and Section 1.100, which specified the punishment. Copies of both, certified by the City Register, have been filed in this court by the City under a stipulation, agreed to by defendant, that all original exhibits may be omitted from the transcript on appeal and be separately filed in this court. What the defendant really contends is that Section 1.100 was not introduced in evidence because it

was not read to the jury. But as that Section concerned only the punishment to be assessed on conviction, its effect was a matter of law for the court and it was not necessary to read it to the jury. Williams v. City of St. Joseph, 166 Mo.App. 299, 148 S.W. 459.

The judgment is affirmed.

WOLFE, P. J., and WOODSON OLDHAM, Special Judge, concurs.