STATE of Missouri, Plaintiff-Respondent,

v.

Steven Kelly DAVIS, Defendant-Appellant.

No. 11487.

Missouri Court of Appeals, Southern District, Division One.

Jan. 19, 1981.

John D. Ashcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Richard D. Bender, Honecker & Bender, Springfield, for defendant-appellant.

TITUS, Judge.

Defendant was jury-convicted of burglary in the second degree, a class C felony (§ 569.170)[1], and assault in the second degree, a class D felony (§ 565.060). After determining that defendant was a "persistent offender" per § 558.016–2, the trial court concurrently sentenced him to seven years on the burglary conviction and to five years on the assault charge. This appeal ensued.

Near 2:05 a. m. March 5, 1979, Springfield police were radio-dispatched to an auto supply store as the result of a burglar alarm. Upon arriving at the rear of the store, Corporal Applegate saw defendant exit the building. Defendant ran and the corporal pursued on foot. The chase lasted several blocks until defendant tripped over a "no trespassing" metal sign in the yard of a residence. The sign was nailed to a wooden board which was attached to a stake that had been driven into the ground. Upon regaining his balance, defendant "picked up the sign and held it over his shoulder, and drew it back like he would a ball bat." The officer started to reholster his previously

drawn revolver because defendant appeared to be a very young man, possibly a juvenile. However, the corporal's concession to armed force did not deter the defendant who attacked the officer with "the narrow knife edge of the sign." The onslaught with the sign inflicted severe bruises to the policeman's forearm, shoulder and back, resulting in muscle spasms and stiffness to the affected areas for several days. Defendant was finally subdued via physical antidotes and handcuffed.

Defendant's first point relied on states: "That the trial court erred in finding the defendant-appellant to be a persistent offender because no evidence was adduced of two prior crimes 'committed at different times,' in that the only evidence presented by the state showed convictions at two times and no evidence was presented as to when the crimes underlying the convictions occurred."

The pertinent portions of the statutes relating to this point are: § 558.016. "1. The court may sentence a person who . . . has been found guilty of a class B, C, or D felony to an extended term of imprisonment if it finds the defendant is a persistent offender . . . . 2. A 'persistent offender' is one who has been previously convicted of two felonies committed at different times and not related to the instant crime as a single criminal episode." § 558.021. "1. The court shall not impose an extended term under section 558.016 unless . . . (2) After a finding of guilty . . . a sentencing hearing is held at which evidence establishing the basis for an extended term is presented in open court . . . ; and (3) The court determines the existence of the basis for the extended term and makes specific findings to that effect. 2. Nothing in this section shall prevent the use of presentence investigations or commitments under sections 557.026 and 557.031, RSMo."

In his brief, defendant cedes that at the § 558.021 hearing following conviction, the

1. References to statutes and rules are to Missouri Revised Statutes 1978 and to Missouri Supreme Court Rules, V.A.M.R.

court properly found that he had been convicted of burglary and stealing on December 1, 1977, and had been convicted of displaying a dangerous and deadly weapon on March 8, 1978, all of which crimes occurred at a time different from and in no way related to the crimes charged in the present case. However, defendant argues that just because the two prior felony convictions occurred at different dates is not proof "of two felonies committed at different times" as required by § 558.016–2. In other words, defendant is saying that merely because he was convicted of different crimes on different dates does not necessarily mean that the crimes themselves were not committed on the same date.

That this is an ingenious argument cannot be denied. Nonetheless, it is possessed of fallacy and does not faithfully recognize the complete record made at the sentencing hearing conducted pursuant to § 558.021–1(2). It does not necessarily follow that just because two crimes may have been committed on the same date that they could not have been committed "at different times". A satyr might criminally sate his desires on the same date at different matings without having committed all of his felonious fornications at the same time. At the commencement of the sentencing hearing the court inquired of defendant's counsel if a copy of the presentence investigation report had been made available to him and if he had "had time to go over it." Counsel answered, "I have." The report and the colloquy that followed between court and counsel made it abundantly and repeatedly clear that the prior crime of displaying a dangerous and deadly weapon occurred eleven days after defendant had been sentenced and placed on probation for having previously committed the crimes of burglary and stealing. Thus, there was admitted proof that the two prior felony convictions related to "two felonies committed at different times." Defendant's first point is denied.

Defendant's second and final point relied on states: "That the court erred in not sustaining defendant's motion for judgment of acquittal at the close of the state's case and at the close of all evidence on Count II and instruction [instructing?] thereon under Instruction Number Ten because there was insufficient evidence to support a conviction or an instruction in that the state failed to show the use of a dangerous instrument."

Relative to defendant's complaint that the trial court erred in not sustaining his motion for judgment of acquittal at the close of the state's case, we note that after this occurred defendant put on evidence in his own case. By so doing, defendant waived any objection to the overruling of that motion. *State v. McCurry*, 582 S.W.2d 733, 734–735[2] (Mo.App.1979). Moreover, the assertion that "there was insufficient evidence to support a conviction or an instruction in that the state failed to show the use of a dangerous instrument" does violence to the mandatory requirements of Rule 30.06(d) because the point does not explicate "wherein and why" the evidence was insufficient and affords no indication as to "wherein and why" defendant contends there was a failure to show the use of a dangerous instrument. See *State v. Vineyard*, 497 S.W.2d 821, 829[22] (Mo.App. 1973).

Albeit the point is not properly presented for review on appeal we note that under § 556.061(7) the term "dangerous instrument" is defined to mean "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." Under previous statutes the following have been declared to be dangerous weapons: leather-sole shoes when used to kick a prone person [*State v. Brinkley*, 354 Mo. 1051, 193 S.W.2d 49 (1946)], a rock [*State v. Lawson*, 360 Mo. 95, 227 S.W.2d 642 (1950); *State v. Shipley*, 174 Mo. 512, 74 S.W. 612 (1903)], hoe handle [*State v. Thompson*, 30 Mo. 470 (1860)], large stone [*State v. Leonard*, 22 Mo. 449 (1856)], champagne bottle [*State v. Goodman*, 496 S.W.2d 850 (Mo.1973)] and whiskey bottle [*State v. Hacker*, 214 S.W.2d 413 (Mo.1948)]. The articles just enumerated, as well as a metal "no trespassing" sign nailed to a wooden

board attached to a stake, are innoxious objects when in repose or employed for intended purposes. However, when wielded as bludgeons upon human beings, they become dangerous instruments capable of causing serious physical injuries or death. There is no room for doubt that the sign in this case with a "narrow knife edge" when used as an axe, became a dangerous instrument in the hands of the defendant. Consequently, there was no trial error as contended.

Judgment affirmed.

GREENE, P. J., and FLANIGAN, J., concur.