[No. 24829. Department Two. December 21, 1933.]

THE STATE OF WASHINGTON, *Respondent,* v. E. R.
MORRISON, *Appellant.*[1]

*Joseph H. Griffin* and *George E. Flood,* for appellant.

*Robert M. Burgunder* and *Cordelia M. Thiel,* for respondent.

TOLMAN, J.,—By indictment of the grand jury, the defendant (appellant here) was charged in two counts with the crime of asking and receiving a bribe. Count one charged that the defendant, then a deputy county assessor, on or about March 23, 1931, corruptly solicited and received one hundred dollars as a gratuity, based upon an agreement that his official conduct would be influenced thereby. Count two charges a similar offense committed on or about March 15, 1932, by which he received a lesser amount. A trial to a

[1]Reported in 27 P. (2d) 1065.

jury resulted in a verdict of guilty on the first count and not guilty on the second count. From the judgment and sentence on the verdict, the defendant has appealed.

In this court, the appellant seems to rely chiefly upon the assignment of error which raises the question of the sufficiency of the evidence to take the case to the jury. We have studied the evidence with considerable care, and find that every necessary element of the crime charged was supported by direct evidence. It is true that much of this evidence was in the form of testimony from the person who admitted that he paid the bribe money, but there was much of corroboration in the surrounding circumstances and in testimony given by others. Had the testimony of the bribe-giver been uncorroborated, still it would be sufficient to take the case to the jury. *State v. Wappenstein*, 67 Wash. 502, 121 Pac. 989.

It is clearly held, also, in the case just cited that the bribe-giver is not an accomplice, but is guilty of a distinct and separate offense. Hence, under the authority of that case, there was no error in the refusal to give the cautionary instruction which was here requested.

But, returning to the question of the sufficiency of the evidence, it seems to be urged that, because the understanding was reached by the use of indirect terms, the jury was left to speculate upon the vital point. We do not think so. Such things are usually approached indirectly, and few are bold enough to use direct terms to indicate their intention or desire. Here, the subject of the assessment of the particular property was under consideration. The evidence clearly and expressly indicates that a special favor in the nature of a low assessment was requested; and thereupon appellant, in effect, answered, "That will

cost you some money," and the reply was made, "I expected that it would." This was immediately followed by an agreement upon the amount of the assessment which was satisfactory to the person seeking the favor and the payment of the money to the appellant.

This would seem to be as direct evidence of the corrupt agreement as is likely ever to be produced in such a case; and to permit a jury to draw the inference of guilt therefrom is very far, indeed, from permitting speculation. We are convinced that the evidence was sufficient.

It is urged that the trial court erred in its refusal to permit inspection of certain writings and documents in possession of the prosecuting attorney which had been considered by the grand jury. The several affidavits in support of these motions for inspection fail to state any specific fact or facts from which it might appear that an inspection was necessary in the preparation of the defense to the action, or that appellant would be prejudiced by the denial of his motion, although a conclusion to that effect was incorporated. Even now, appellant fails to point out anything prejudicial which resulted, and we have been unable to learn from the record of any prejudice actually suffered by reason of the trial court's ruling. It is a settled law of this state that such matters are peculiarly within the discretion of the trial court, and that we can interfere only when there has been a manifest abuse of discretion. *State v. Allen,* 128 Wash. 217, 222 Pac. 502. The record fails to show any abuse of discretion in the ruling of which complaint is made.

A careful consideration of the whole record reveals no prejudicial error, and the judgment is therefore affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.