[Nos. 33694, 33700.   Department Two.   August 15, 1957.]

THE CITY OF SEATTLE, *Respondent*, v. ALLEN EDWARDS, *Appellant.*[1]

E. K. *Marohn*, for appellant.

A. C. *Van Soelen* and *George H. Holt*, for respondent.

SCHWELLENBACH, J.—The defendant has appealed from two convictions for the illegal sale of whisky in violation of a city ordinance of the city of Seattle. The cases were

[1]Reported in 314 P. (2d) 436.

consolidated on appeal because they both involve the same questions of law. They will be referred to as one case.

The criminal complaint filed in the municipal court named the defendant as "John Doe 'Ace' Colored, true name to affiant unknown." It charged:

"That on or about the *19th* day of *June*, 1955, at the City of Seattle, in King County, Washington, the said Defendant did commit a misdemeanor ............................... as follows, to-wit: Then and there being the said defendant did wilfully and unlawfully sell a bottle of intoxicating liquor, to wit: whiskey, to an agent of the arresting officer, one Arden B. Gee, and did accept the sum of Five Dollars ($5.00) therefor, all of which is contrary to Ordinance No. *69284*, Section *2* of the City of Seattle, State of Washington, and against the public welfare and good order of said City."

The defendant was represented by Mr. Marohn in municipal court and was convicted. On appeal to the superior court, the proceedings were had upon a transcript of the municipal court with the complaint attached. After selection of the jury, Mr. Marohn made an oral motion in the nature of a demurrer on the ground that the complaint was insufficient in that "this defendant originally in the complaint is not named." Counsel for the plaintiff asked permission to amend, if the defendant insisted on his motion. The trial court stated:

"I will reserve ruling on it at this time. We will try the case and if the man is convicted we will consider it again on a motion."

The matter was not thereafter presented to the court, and no further action was taken thereon.

The evidence reveals that the principal witness for the prosecution, Arden B. Gee, employed by the Washington state liquor control board as an investigator, went to defendant's hotel room at 517½ Jackson street at 12:45 a.m. Sunday morning, June 19, 1955. He testified:

"A. I knocked on the door. I heard a voice say, 'Come in.' I opened the door and went on in. The defendant, Allen Edwards, asked what I wanted. I told him I would like to get a pint of whiskey and he said, yes, he would. He opened a cabinet door and pulled out a pint of whiskey and handed

it to me and I asked what he wanted for it and he said five dollars. I paid him the five-dollar bill and I then left the premises. Q. Can you identify the man that opened the door and the man that subsequently then sold you the bottle of whiskey for five dollars? A. Yes, sir. Q. Do you see him in the court room? A. It is the colored gentleman on the end there (indicating)."

He further testified that after leaving the hotel he marked the label of the bottle with the time, place, and date and initialed the same; that he kept it in his presence until Monday morning, when he turned it over to Mr. Dick Lang, the custodian of evidence at the Liquor board office. After identification of the bottle by Gee, it was admitted in evidence over defendant's objection. Mr. Lang testified that the bottle admitted in evidence was the bottle delivered to him by the agent on Monday, June 20, 1955. At the close of the plaintiff's testimony, defendant moved to dismiss on the ground that Gee's testimony was not corroborated. The motion was denied.

The following then occurred:

"MR. MAROHN: Call Mr. Edwards
ALLEN EDWARDS, the defendant, called in his own behalf, being duly sworn, testified as follows:
DIRECT EXAMINATION
By MR. MAROHN:
Q. What is your full name?
A. Allen Edwards."

Defendant denied selling the liquor and testified that he had never seen Gee prior to trial.

The jury found the defendant guilty, and this appeal is from the judgment and sentence.

Appellant makes four assignments of error: (1) The trial court failed to rule on defendant's demurrer to the complaint; (2) The trial court erred in admitting the bottle of whisky in evidence over defendant's objection; (3) The trial court erred in denying the defendant's motion to dismiss the action; (4) The court erred in failing to submit

defendant's requested instruction on corroboration or any instruction on corroboration.

As to the first assignment of error, although it is true that at the time appellant was brought to trial in superior court his true name did not appear on the criminal complaint, the transcript of the proceedings in municipal court, to which the complaint was attached, was entitled:

"CITY OF SEATTLE,
Plaintiff,
vs.
*Allen Edwards,*
Defendant."

Appellant was present and represented by the same counsel in both proceedings. He knew who was meant by "John Doe 'Ace' Colored." He took the stand and testified that his name was "Allen Edwards." If he had any cause for complaint, he waived it by taking the stand and giving his true name. Furthermore, the complaint was amended to conform to the proof. We held in *State v. Graeber*, 46 Wn. (2d) 602, 283 P. (2d) 974, that it was not error for the trial court to order an information amended to conform with the proof to show the true name of one of the defendants, where it appeared that the name stated in the information was an alias, and that when the defendant took the stand he gave his true name.

We will consider the remaining three assignments of error together. Appellant contends that the uncorroborated testimony of agent Gee was insufficient to admit the bottle of whisky in evidence, and insufficient on which to base a verdict; that Gee, assuming that he did purchase the whisky from appellant, was guilty of a misdemeanor under RCW 66.44.150, which makes it a violation to purchase alcoholic beverages from an unauthorized person; that, being an accomplice, his testimony required corroboration; and that, since there was no such corroboration, the case against appellant was not proved.

The test in this state as to whether or not a witness is an accomplice is whether he could be indicted for the same crime for which the defendant is being tried. *State v.*

*Emmanuel*, 42 Wn. (2d) 799, 259 P. (2d) 845. We held in *State v. Morrison*, 175 Wash. 656, 27 P. (2d) 1065, that a conviction of bribery was sustained by the evidence of the bribe giver, even if uncorroborated, since he was not an accomplice, but guilty of another offense. We held in *State v. Smiley*, 167 Wash. 342, 9 P. (2d) 370, that, in a prosecution for opening, conducting, or operating a gambling game, it was not error to refuse to instruct that accused could not be convicted on the uncorroborated evidence of the players in the game, since they were not accomplices.

It is the general rule that one who participates in a crime merely for the purpose of securing evidence upon which to convict another participant, has no criminal intent and is not an accomplice. A conviction for the sale of intoxicating liquor may be based on the testimony of police officers who solicit the sale, where their purpose is to detect unlawful traffic and not to induce the commission of a crime. Their purpose does not render them *particeps criminis*, and they are not accomplices. See Annotation, 119 A. L. R. 690, 695; 14 Am. Jur. 843, Criminal Law, § 113.

Agent Gee was not an accomplice. His testimony did not require corroboration. The court did not err in refusing to instruct on corroboration.

The judgments and sentences are affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and MALLERY, JJ., concur.

---

October 8, 1957. Petition for rehearing denied.