[No. 34472. Department Two. December 26, 1958.]

THE CITY OF SEATTLE, *Respondent*, v. LEON GREEN, *Appellant.*[1]

*E. K. Marohn*, for appellant.

*A. C. Van Soelen* and *Thomas J. Owens*, for respondent.

OTT, J.—Leon Green was convicted of selling a pint bottle of whisky to Leon Darling (an agent of the Washington state liquor control board), in violation of an ordinance of

[1]Reported in 333 P. (2d) 676.

the city of Seattle. The complaint upon which the warrant of arrest was issued was signed by Alfred G. Annibal.

Leon Darling, accompanied by two other liquor board agents, Seth Taylor and Richard Lange, proceeded to the vicinity of King and Maynard streets in Seattle, where Darling left the other agents and was out of their sight for a short period of time. During this time, he entered the offices of the Oriental Cab Company and there purchased a pint bottle of whisky from Leon Green for five dollars. Darling immediately rejoined Taylor and Lange, and, in their presence, signed his name on the label of the bottle of whisky. The testimony of the three agents is corroborative in all material aspects of the purchase from Leon Green.

From the judgment and sentence imposed upon the verdict of guilty, the defendant has appealed.

■ Appellant first assigns as error the admission into evidence of the pint bottle of whisky, and the denial of his challenge to the sufficiency of the evidence. He challenges the sufficiency of the identification of the exhibit and of the evidence relative to the sale, upon the sole ground that the state's agent, Leon Darling, had a felony record and that his testimony was, therefore, not worthy of belief.

Leon Darling's previous convictions were not for crimes which would disqualify him as a witness. The credibility of witnesses and the weight to be given their testimony are for the jury to determine. *State v. London,* 194 Wash. 458, 78 P. (2d) 548, 115 A. L. R. 1255 (1938). By their verdict, it is evident that the jury believed the testimony of Darling. The exercise of such discretion is solely within the province of the jury. We find no merit in appellant's first assignment of error.

■ Appellant's assignment of error to the trial court's refusal to grant a new trial is based upon two grounds, (1) that the person signing the complaint had no personal knowledge of the commission of the alleged offense, and (2) that the court erred in refusing to instruct the jury that Darling was an accomplice.

With reference to the first contention, RCW 35.22-.500 provides:

"All prosecutions for the violation of any city ordinance shall be conducted in the name of the city, and *may be upon the complaint of any person.*" (Italics ours.)

Alfred G. Annibal, who signed the complaint upon which the warrant of arrest was issued, was a person qualified so to do, under the provisions of the cited statute.

██ The second ground for a new trial urged by appellant was decided adversely to him in *Seattle v. Edwards,* 50 Wn. (2d) 735, 314 P. (2d) 436 (1957), wherein we said:

"The test in this state as to whether or not a witness is an accomplice is whether he could be indicted for the same crime for which the defendant is being tried. [Citing cases.]

. . .

"It is the general rule that one who participates in a crime merely for the purpose of securing evidence upon which to convict another participant, has no criminal intent and is not an accomplice. A conviction for the sale of intoxicating liquor may be based on the testimony of police officers who solicit the sale, where their purpose is to detect unlawful traffic and not to induce the commission of a crime. Their purpose does not render them *particeps criminis,* and they are not accomplices."

Applying this test to the facts of the instant case, Darling was not an accomplice.

We find no merit in any of the grounds urged by the appellant in support of his assignments of error.

The judgment and sentence is affirmed.

HILL, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.