[Nos. 20189–1–I; 21368–7–I.   Division One.   May 8, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. WADE L. PETERSON, *Appellant.*

*Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Randy Yates, Deputies,* for respondent.

COLEMAN, C.J.—Wade Peterson appeals from his conviction for one count of manufacturing or possessing a controlled substance with intent to manufacture or deliver. Peterson assigns error to the accomplice liability instruction submitted to the jury. We affirm.

On March 26, 1985, August Weiss contacted Snohomish County detectives to inform them about a clandestine methamphetamine (speed) laboratory he was operating in their jurisdiction. Weiss told him he was a "cook," *i.e.,* a chemist, in the laboratory and that he had recently been injured in a laboratory mishap. Weiss said the accident had caused him to come forward and inform on the operation in order to turn over a new leaf.

The detectives accompanied Weiss to the residence of Pamela Lane and her boyfriend, Wade Peterson, where the laboratory had been operating for several days. The detectives were posing undercover as Weiss's "security." They surveyed the laboratory in Lane's garage that evening, and she explained how she had cleaned up the area after the manufacturing mishap. The detectives purchased approximately one–half gram of speed from Lane and left the premises.

The following day, Weiss and the detectives returned to Lane's house to make a batch of speed. The officers furnished police department glassware and a controlled substance, P2P, to facilitate the process. Lane and Peterson were present during the manufacture, and Peterson actively assisted Weiss. While the process was being set up, a man named "Gary" stopped by, and Lane told him that the reaction would be under way soon and that the product would be ready sometime later.

Later that evening, once the speed had been manufactured, officers served a search warrant and Lane and Peterson were arrested. Peterson was charged with delivery of a controlled substance and possession with intent to manufacture or deliver. The delivery charge was later dismissed. The jury was given an accomplice liability instruction, and Peterson was convicted as charged.

The only issue presented in this appeal is whether the trial court erred by submitting to the jury an instruction on accomplice liability where the principal upon whose "crime" the accomplice liability was predicated was a police informer acting in concert with the police.

Appellant argues that it was error for the court to give an accomplice liability instruction in this case because accomplice liability requires a showing that the principal committed the charged crime and the only principal in the crime of possession with intent to manufacture was Weiss. Appellant argues that because Weiss was an informant, he lacked the requisite criminal intent to support a showing that he "committed the crime." We are not persuaded by appellant's argument.

Accomplice liability is based on the proposition that in certain circumstances one should be legally liable for the criminal acts of others. RCW 9A.08.020(1) and (2)(c) provides:

(1) A person is guilty of a crime if it is committed by the conduct of another person for which he is legally accountable.

(2) A person is legally accountable for the conduct of another person when:

. . .

(c) He is an accomplice of such other person in the commission of the crime.

The court's instruction 17 defining accomplice liability is based on Washington Pattern Jury Instruction (Criminal) 10.51, which encompasses the statutory language for accomplice liability in RCW 9A.08.020. Instruction 17 provided:

A person who is an accomplice in the commission of a crime is guilty of that crime whether present at the scene or not.

A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of the crime, he or she either:

(1) solicits, commands, encourages, or requests another person to commit the crime; or

(2) aids or agrees to aid another person in planning or committing the crime.

The word "aid" means all assistance whether given by words, acts, encouragement, support, or presence. A person who is present at the scene and ready to assist by his or her presence is aiding in the commission of the crime. However, more than mere presence and knowledge of the criminal activity of another must be shown to establish that a person present is an accomplice.

■ Accomplice liability is not a separate crime—it is predicated on aid to another "in the commission of a crime" and is in essence liability for that crime. RCW 9A.08.020(3); *State v. Toomey,* 38 Wn. App. 831, 840, 690 P.2d 1175, *review denied,* 103 Wn.2d 1012 (1984). Conviction for accomplice liability is improper where there is no proof that a principal "actually committed the crime." *State v. Nikolich,* 137 Wash. 62, 66–67, 241 P. 664 (1925); *State v. Taplin,* 9 Wn. App. 545, 547, 513 P.2d 549 (1973). But in order to establish accomplice liability "the State need not prove that the principal and accomplice share the same mental state." *State v. Bockman,* 37 Wn. App. 474, 491, 682 P.2d 925, *review denied,* 102 Wn.2d 1002 (1984).

The State only needs to show "the accomplice's general knowledge of [the principal's] substantive crime." *State v. Rice,* 102 Wn.2d 120, 125, 683 P.2d 199 (1984). In fact, under RCW 9A.08.020(6)

[a] person legally accountable for the conduct of another person may be convicted on proof of the commission of the crime and of his complicity therein, though the person claimed to have committed the crime has not been prosecuted or convicted or has been convicted of a different crime or degree of crime or has an immunity to prosecution or conviction or has been acquitted.

Appellant's argument is premised on *Seattle v. Edwards,* 50 Wn.2d 735, 739, 314 P.2d 436 (1957), which holds that one who participates in a crime merely for the purpose of securing evidence upon which to convict another participant has no criminal intent. Appellant argues, accordingly, that because Weiss participated in the manufacture of speed only to secure evidence, he lacked criminal intent and therefore did not "commit the crime" and, for that reason, appellant cannot be liable as his accomplice.

In *Edwards,* the defendant argued that the testimony of the government agent upon which he was convicted required corroboration, or at least a cautionary instruction, because the agent was an accomplice. *Edwards,* 739.[1] The *Edwards* court concluded that officers who solicit the sale of illegal liquor for the sole purpose of gathering evidence against the seller have no criminal intent. "Their purpose does not render them *particeps criminis,* and they are not accomplices." *Edwards,* at 739. The holding in *Edwards,* however, should be limited to the factual and legal situation presented in that case.

---

[1]WPIC 6.05 provides:

"The testimony of an accomplice, given on behalf of the plaintiff, should be subjected to careful examination in the light of other evidence in the case, and should be acted upon with great caution. You should not find the defendant guilty upon such testimony alone unless, after carefully considering the testimony, you are satisfied beyond a reasonable doubt of its truth."

The corroboration rule at issue in *Edwards* grew out of the need to ensure the veracity of an accomplice's testimony leading to the conviction of a criminal cohort. Often the testimony of an accomplice will be undermined by the witness's inherent lack of credibility. Moreover, the authorities, in order to procure the testimony, often offer the witness a grant of immunity in return for testifying, giving the testifying accomplice an incentive to falsely implicate others in order to escape penalty. Annot., 119 A.L.R. 689, 692 (1939). The *Edwards* court, however, noted that the credibility of government agents who participate in a crime to secure evidence is not subject to this taint. Such agents lack any incentive to fabricate testimony in order to secure immunity; accordingly, their testimony should not require corroboration. *See Edwards,* at 739.

The issue in the instant case is entirely different. Weiss did not testify and so the corroboration rule did not come into play. The question here is whether Weiss committed the crime charged, making it proper to convict appellant for aiding in the commission of that crime. Consequently, *Edwards* does not address the issue before us.

The evidence here establishes that Weiss committed the substantive crime of manufacturing a controlled substance with the intent to manufacture or deliver. RCW 69.50-.401(a); W. LaFave & A. Scott, *Criminal Law* § 28, at 196 (1972) (if statute proscribes a certain act, *e.g.,* receiving stolen property, without requiring the actor to do so with knowledge or reason to know, commission of the crime requires only intent to engage in the forbidden conduct); *see also* RCW 9A.08.010(1)(a) ("Intent. A person acts with intent . . . when he acts with the objective or purpose to accomplish a result which constitutes a crime."); *State v. Caliguri,* 99 Wn.2d 501, 505–06, 664 P.2d 466 (1983). The crime here did not require an intent to do more than the proscribed act. It required only manufacture or possession with intent to manufacture or deliver. Thus, although Weiss in effect had the permission of the police to manufacture the speed and arguably did so without a mens rea of

criminal purpose, he nonetheless "committed the crime" for purposes of being a principal to support liability under the accomplice liability statute.

While the authorities may have chosen not to prosecute Weiss in exchange for his cooperation, no prosecution of a principal is required to establish an accomplice's liability as such. RCW 9A.08.020(6) (an accomplice may be prosecuted even if principal who committed the crime is not prosecuted or has immunity from prosecution). There was substantial evidence that appellant aided Weiss in the manufacture of the speed. Accordingly, it was not error to give the accomplice liability instruction in this case.

The judgment of the trial court is affirmed.

PEKELIS and FORREST, JJ., concur.

Review denied at 113 Wn.2d 1007 (1989).